**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **EQUAL RIGHTS CENTER,** *et al.* | * |
| | * |
| **Plaintiffs,** | * |
| | *   Civil No. 8:18-cv-1278-PWG |
| **v.** | * |
| | * |
| **WALTER REED NATIONAL** | * |
| **MILITARY MEDICAL CENTER,** *et al***.** | * |
| | * |
| **Defendants** | * |

\*\*\*\*\*\*\*\*\*

**JOINT STATUS REPORT AND REQUEST TO STAY LITIGATION**

Plaintiffs, Equal Rights Center and Sylvester Fiers, and Defendants, Walter Reed National Military Medical Center, Mark T. Esper, Acting United States Secretary of Defense in his official capacity,[1] and U.S. Navy and Exchange Service Command (hereinafter "Federal Defendants") hereby file this Joint Status Report, and state as follows:

**I.     Procedural Background**

1.     On or about May 3, 2018, Plaintiffs filed this lawsuit pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehab Act"), alleging that Walter Reed National Military Medical Center ("WRNMMC") and the U.S. Navy Exchange Service Command ("NEX") do not provide accessible restrooms facilities for individuals who use wheelchairs. For relief, Plaintiffs seek: (i) a declaration that the Federal Defendants' failure to make the restroom facilities accessible to individuals who use wheelchairs is a violation of applicable United States Department of Defense ("DoD") standards and the Rehab Act; (ii) an injunction requiring Federal Defendants to immediately and expeditiously modify the restroom

---

[1] James Mattis, the originally named defendant, resigned as Secretary of the United States Department of Defense in December 2018.

facilities in full compliance with applicable DoD standards; (iii) compensatory damages; and (iv) reasonable attorneys' fees and costs.

2. On or about September 7, 2018, Plaintiffs and Federal Defendants filed a Joint Motion to Stay Litigation. *See* ECF No. 29. The Motion to Stay explained that the Federal Defendants are actively working to resolve accessibility issues surrounding the restrooms located within the WRNMCC and NEX. Completion of the construction could eliminate the need for any judicial involvement in this civil action. Accordingly, the parties respectfully requested a temporary stay to avoid unnecessary expenditure of the Court's or the parties' resources. *See id.*

3. On or about October 8, 2018, this Court stayed the litigation for 90 days. *See* ECF No. 33. The parties filed a Joint Status Report on or about January 2, 2019, wherein Federal Defendants provided an update on the construction. *See* ECF No. 34. This Court thereafter extended the stay of this case for an additional 90 days, "subject to renewal upon a showing that the parties are continuing to make progress toward a mutually agreeable resolution of the case." ECF No. 35.

4. The parties filed a second Joint Status Report on or about April 3, 2019, wherein Federal Defendants provided another update on the construction. *See* ECF No. 36. This Court thereafter extended the stay of this case for an additional 90 days, and requested that the parties file a new Joint Status Report on or before July 2, 2019. *See* ECF No. 37.

5. The parties filed a third Joint Status Report on or about July 2, 2019, wherein Federal Defendants provided another update on the construction. *See* ECF No. 38. This Court thereafter extended the stay of this case for an additional 90 days, and requested that the parties file a new Joint Status Report on or before September 30, 2019. *See* ECF. No. 39.

6. The following sets forth Federal Defendants' averments regarding the current status and plans for the relevant facilities. Absent additional information or discovery, Plaintiffs at this time are unable to concur in or dispute their accuracy.

**II. Update on NEX restrooms**

7. Construction in the NEX restrooms is complete. Plaintiffs have expressed an interest in performing a site survey of the NEX restrooms. Counsel for Federal Defendants informed Plaintiffs' counsel that the Agency is amenable to that request. Plaintiffs have determined an approximate cost of that site survey, and are currently negotiating with Defendants regarding scheduling and payment of that site survey.

**III. Update on WRNMMC**

8. Remediation of the WRNMMC restrooms continues.

9. The construction in the Building 10 restrooms (0502, 0503, 0602, 0603, 1017, and 1018) is complete. These restrooms should open in the first week of October 2019.

10. The design submissions for restrooms in Building 9 are complete. Although construction was previously expected to commence on or before August 2019, construction is now expected to commence by November 1, 2019. Construction completion for Building 9 restrooms, which was previously scheduled for December 2019, is now anticipated in February 2020.

11. Plaintiffs have expressed an interest in performing a site survey of the WRNMMC Building 10 restrooms upon completion of work for those restrooms. Counsel for Federal Defendants informed Plaintiffs' counsel that the Agency is amenable to that request. Plaintiffs have determined an approximate cost of that site survey, and are currently negotiating with Defendants regarding scheduling and payment of that site survey.

12. In sum, remediation has continued to progress since the Parties' last status report. Federal Defendants remain committed to thoroughly addressing all accessibility concerns and are actively working to achieve this goal as quickly as possible. Counsel for both parties currently are in the process of negotiating a global resolution of this lawsuit, and anticipate further discussions in that regard.

### IV. Request to Stay Litigation Through October 30, 2019

13. In good faith reliance on Federal Defendants' averments in this motion, which Plaintiffs have not had an opportunity to verify, and in order to allow for the progression of construction at WRNMMC, the parties believe that a stay of all proceedings in this case until October 30, 2019 is appropriate.

14. Counsel for Federal Defendants remains willing to convey updates on the construction progress to Counsel for Plaintiffs throughout this stay period, and/or provide another status report to the Court in 30 days.

15. Because further proceedings may prove to be unnecessary upon completion of the construction, the parties respectfully request that the Court stay this litigation until and including October 30, 2019.

Respectfully submitted,

Robert K. Hur
United States Attorney

_/s/_____       _/s/_____
Eric L. Klein (Bar No. 29195)                Sarah A. Marquardt (Bar No. 17294)
James M. Auslander (*pro hac vice*)          Assistant United States Attorney
John G. Cossa (*pro hac vice*)               36 S. Charles Street, 4th fl.
BEVERIDGE & DIAMOND, P.C.                    Baltimore, Maryland 21201
1350 I Street, N.W., Suite 700               410-209-4800
Washington, D.C. 20005-3311                  sarah.marquardt@usdoj.gov
(202) 789-6016                               *Attorney for Defendants*
(202) 789-6190 (fax)

eklein@bdlaw.com
jauslander@bdlaw.com
jcossa@bdlaw.com


\_/s/_____
Hannah Lieberman (Bar No. 05456)
Kaitlin Banner (*pro hac vice*)
WASHINGTON LAWYERS'
COMMITTEE FOR CIVIL RIGHTS
AND URBAN AFFAIRS
11 Dupont Circle, NW, Suite 400
Washington, D.C. 20036
(202) 319-1000
(202) 319-1010 (fax)
kaitlin_banner@washlaw.org
*Attorneys for Plaintiffs*