IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **EQUAL RIGHTS CENTER,** *et al.* * | |
| * | |
| Plaintiffs, * | |
| * | Civil No. 8:18-cv-1278-PWG |
| v. * | |
| * | |
| **WALTER REED NATIONAL** * | |
| **MILITARY MEDICAL CENTER,** *et al.* * | |
| * | |
| Defendants * | |
| ********* | |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND TO DISMISS WITH PREJUDICE

Plaintiffs Equal Rights Center and Sylvester Fiers ("Plaintiffs") and Defendants Walter Reed National Military Medical Center, Lloyd Austin, United States Secretary of Defense in his official capacity,[1] and U.S. Navy and Exchange Service Command ("Defendants") in the above-captioned case, pursuant to Fed. R. Civ. P. 41(a)(2), respectfully submit this Joint Motion to Approve Settlement Agreement and to Dismiss With Prejudice. Plaintiffs and Defendants (collectively, "the Parties") jointly request that the motion be granted so that the Parties can carry out the terms of the Settlement Agreement.

On January 24, 2022, the Parties entered into the Settlement Agreement attached hereto as **Exhibit 1**. The Settlement Agreement is conditioned upon the Court's dismissal of Plaintiffs' claims as consistent with the Settlement Agreement and entry of an Order that incorporates the terms of the Settlement Agreement, as reflected in the attached Proposed Order.

The Parties stipulate and respectfully submit that the terms of the Settlement Agreement constitute a fair and just resolution of Plaintiffs' claims in this lawsuit. Furthermore, resolution of

---

[1] James Mattis, the originally named defendant, resigned as Secretary of the United States Department of Defense in December 2018. Lloyd Austin took office as the United States Secretary of Defense on January 22, 2021.

Plaintiffs' claims in accordance with the terms of the Settlement Agreement would promote judicial economy and conserve valuable judicial resources. There is a strong public policy interest in favor of settling disputes rather than expending resources in litigation. *See Crandell v. United States*, 703 F.2d 74, 75 (4th Cir. 1983) ("Public policy, of course, favors private settlement of disputes."); *Brown v. Prince George's Cty. Bd. of Educ.*, No. RWT 05-114, 2006 WL 4888940, at *2 (D. Md. Nov. 6, 2006), *aff'd*, 235 F. App'x 190 (4th Cir. 2007) (the "law favors and encourages the resolution of controversies by contracts of compromise and settlement rather than by litigation") (citation omitted); *In re A.H. Robins Co., Inc.*, 173 F.3d 423 at *1 (4th Cir. 1999) (unpublished) ("The law strongly favors settlement of litigation, and there is a compelling public interest and policy in upholding and enforcing settlement agreements voluntarily entered into.") (citation omitted). The Court's approval of the Parties' proposed settlement in this case would be consistent with the public policy in favor of settlement and would avoid litigation over the claims presented in Plaintiffs' complaint. Thus, there is good cause to grant the Parties' joint motion.

For the foregoing reasons, the Parties respectfully request that the Court grant their Joint Motion to Approve Settlement Agreement and to Dismiss with Prejudice, and that it enter the attached Proposed Order.

Dated: January 24, 2022

Respectfully submitted,

Erek L. Barron
United States Attorney

/s/
Eric L. Klein (Bar No. 29195)
James M. Auslander (*pro hac vice*)

BEVERIDGE & DIAMOND, P.C.
1900 N Street, N.W., Suite 100
Washington, D.C. 20036

/s/
Sarah A. Marquardt (Bar No. 17294)
Assistant United States Attorney
36 S. Charles Street, 4th fl.
Baltimore, Maryland 21201
410-209-4800
sarah.marquardt@usdoj.gov

2

(202) 789-6016  
(202) 789-6190 (fax)  
eklein@bdlaw.com  
jauslander@bdlaw.com  

*Attorney for Defendants*

/s/ _____  
Kaitlin Banner (*pro hac vice*)  
WASHINGTON LAWYERS'  
COMMITTEE FOR CIVIL RIGHTS  
AND URBAN AFFAIRS  
11 Dupont Circle, NW, Suite 400  
Washington, D.C. 20036  
(202) 319-1000  
(202) 319-1010 (fax)  
kaitlin_banner@washlaw.org  
*Attorneys for Plaintiffs*