IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **EQUAL RIGHTS CENTER**, *et al.* | * |
| | * |
|     Plaintiffs, | * |
| | *   Civil No. 8:18-cv-1278-PWG |
|     v. | * |
| | * |
| **WALTER REED NATIONAL** | * |
| **MILITARY MEDICAL CENTER**, *et al.* | * |
| | * |
|     Defendants | * |

*********

## SETTLEMENT AGREEMENT

For purposes of settling the claims filed by Plaintiffs Equal Rights Center and Sylvester Fiers ("Plaintiffs") in the above-captioned case without further judicial proceedings, and for no other purpose, Plaintiffs and Defendants Walter Reed National Military Medical Center, Lloyd Austin, United States Secretary of Defense in his official capacity,[1] and U.S. Navy and Exchange Service Command ("Defendants") hereby state as follows:

WHEREAS, on or about May 3, 2018, Plaintiffs filed this lawsuit pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, alleging that Walter Reed National Military Medical Center ("WRNMMC") and the U.S. Navy Exchange Service Command ("NEX") do not provide accessible restrooms facilities for individuals who use wheelchairs; and

WHEREAS, for relief, Plaintiffs seek: (i) a declaration that the Federal Defendants' failure to make the restroom facilities accessible to individuals who use wheelchairs is a violation of applicable United States Department of Defense ("DoD") standards and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehab Act"); (ii) an injunction requiring

---

[1] James Mattis, the originally named defendant, resigned as Secretary of the United States Department of Defense in December 2018. Lloyd Austin took office as the United States Secretary of Defense on January 22, 2021.

Federal Defendants to immediately and expeditiously modify the restroom facilities in full compliance with applicable DoD standards; (iii) compensatory damages; and (iv) reasonable attorneys' fees and costs; and

WHEREAS, on February 11, 2020, this Court referred this case to the Honorable Deborah L. Boardman, United States Magistrate Judge, to explore potential settlement, *see* ECF No. 51; and

WHEREAS, Plaintiffs and Defendants (collectively, "the Parties") have exchanged settlement proposals and attended a settlement conference before this Court on May 19, 2021, *see* ECF No. 82; and

WHEREAS, since that time, counsel have continued to engage in settlement discussions and have periodically filed Joint Status Reports with this Court; and

WHEREAS, the Parties believe that it is in the interests of the public, the Parties, and judicial economy to resolve Plaintiffs' claims against Defendants without further litigation; and

WHEREAS, the Parties, through their authorized representatives, and without any admission or final adjudication of issues relating to Plaintiffs' claims, have reached a settlement with respect to those claims, as set forth in this Settlement Agreement.

THEREFORE, the Parties hereby stipulate and agree to the following terms in settlement of Plaintiffs' claims:

1. This Settlement Agreement does not constitute an admission by any of the Parties to any fact, claim, liability, or defense on any issue in this litigation.

2. This Settlement Agreement has no precedential value and is not admissible in any proceeding other than a proceeding to enforce the terms of this Settlement Agreement.

3. Within seven days of the Effective Date of this Settlement Agreement, the Parties shall file this Settlement Agreement with the Court, along with the Joint Motion and Proposed Order attached hereto. The Proposed Order implements the terms set forth in this Settlement Agreement and therefore dismisses with prejudice all of Plaintiffs' claims in this action pursuant to Federal Rule of Civil Procedure 41(a)(2); such dismissal with prejudice is expressly conditioned as provided in Paragraph 4.

4. If the Court does not enter an Order in substance the same as the Proposed Order attached hereto, this Settlement Agreement will be voidable by any Party by delivering notice to the other Parties within seven days of entry of the Court's Order. If the Settlement Agreement is voided, then (i) any dismissal of these actions shall be deemed to have been without prejudice, and Plaintiffs shall be entitled to refile its litigation; and (ii) the Parties will have no further obligations under this Settlement Agreement except that set forth in Paragraph 20.

5. Defendants will promptly complete full remediation of WRNMMC Building 9 and 10 and NEX restrooms to meet applicable DoD accessibility standards under the Architectural Barriers Act, 42 U.S.C. §§ 4151 *et seq.*, Section 504 of the Rehab Act, 36 C.F.R. part 1191, and DoD's October 31, 2008 Policy Memorandum (collectively, "DoD Standards"), to be verified by Accessibility Services' (Plaintiffs' expert) inspection detailed in Paragraph 9.

6. Defendants will promptly create a new accessible family restroom adjacent to restrooms 1677 & 1678 that meets the DoD Standards as identified in Plaintiffs' Complaint.

7. Defendants will designate and clearly identify on a public website a point of contact (name, email address, and telephone number) for receipt of and response to any future complaints by wheelchair users or other disabled individuals pertaining to accessibility of any

WRNMMC or NEX facility. Defendants will establish and maintain procedures for addressing complaints received, and provide a copy of those procedures to Plaintiffs.

8. Within 30 days of the Effective Date of this Settlement Agreement, Defendants will pay to Plaintiffs the sum of $35,000 pursuant to wire transfer instructions to be provided by Plaintiffs. This payment will cover:

    a. Part of Plaintiffs' attorneys' fees since 2016;

    b. Plaintiffs' litigation costs; and

    c. Plaintiffs' incurred expert fees.

9. Within 60 days of the Effective Date of this Settlement Agreement, Defendants will enter into an agreement with Accessibility Services to pay Accessibility Services in an amount not to exceed $20,000 to perform a scope of work substantially similar to Attachment A to assess the accessibility of WRNMMC restrooms and provide training to Defendants on how to remediate accessibility issues, including:

    a. Inspecting up to 250 WRNMMC restrooms and author a report to be provided to Plaintiffs and Defendants on accessibility concerns in those restrooms under the DoD Standards; and

    b. Conducting one training on their findings for Defendants' Walter Reed construction team.

10. Plaintiffs will waive all damages claims in their Complaint with prejudice with respect to the inaccessibility of the restrooms located in WRNMMC Buildings 9 and 10 and NEX.

11. Plaintiffs will voluntarily dismiss their Complaint with prejudice with respect to the inaccessibility of the restrooms located in WRNMMC Buildings 9 and 10 and NEX.

12. Plaintiffs will voluntarily dismiss their Complaint without prejudice with respect to the inaccessibility of WRNMMC restrooms not covered by the preceding Paragraph.

13. No Party will assert confidentiality for this Settlement Agreement.

14. In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Settlement Agreement, the disputing party shall contact the other party and schedule an initial conference of counsel to attempt to reach an agreement on the disputed issue. If the parties cannot reach an agreed-upon resolution within 30 days after the initial conference of counsel, then any party may file a motion with the Court seeking enforcement of the Order implementing this Settlement Agreement or seeking interpretation of this Settlement Agreement.

15. Nothing in the terms of this Settlement Agreement shall be construed to limit or deny the rights of the Parties with respect to issues that are outside the scope of the above-captioned lawsuits and the waivers in this Settlement Agreement.

16. Nothing in this Settlement Agreement shall be interpreted as imposing obligations on any entity that is not a party to the Settlement Agreement.

17. Nothing in this Settlement Agreement shall be interpreted as a commitment or requirement that any Defendant obligate funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable law or regulation.

18. Except as provided in Paragraph 8 above, each of the Parties shall bear its own attorneys' fees, costs, and expenses.

19. This Settlement Agreement represents the entirety of the Parties' commitments with regard to settlement.

20. The Parties agree that all communications and documents made or shared leading up to this Settlement Agreement and not already made public are confidential, and, other than between the Parties and their attorneys, will not be disclosed.

21. The undersigned representatives of each Party certify that they are fully authorized by the Parties they represent to execute this Settlement Agreement.

22. This Settlement Agreement shall inure to the benefit of, and shall be binding upon, the successors and assigns of the Parties.

23. The Parties agree that they will take such further actions and execute such other instruments as may be necessary to implement the provisions of this Settlement Agreement.

24. The "Effective Date" of this Settlement Agreement will be the date on which the last of the Parties executes the Settlement Agreement by signing below.

25. This Settlement Agreement may be executed in counterparts and different parties may sign different counterparts, but all counterparts together shall constitute a single agreement.

Dated: January 24, 2022

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | Erek L. Barron<br>United States Attorney |
| /s/ | /s/ |
| Eric L. Klein (Bar No. 29195)<br>James M. Auslander (*pro hac vice*)<br><br>BEVERIDGE & DIAMOND, P.C.<br>1900 N Street, N.W., Suite 100<br>Washington, D.C. 20036<br>(202) 789-6016<br>(202) 789-6190 (fax)<br>eklein@bdlaw.com<br>jauslander@bdlaw.com | Sarah A. Marquardt (Bar No. 17294)<br>Assistant United States Attorney<br>36 S. Charles Street, 4th fl.<br>Baltimore, Maryland 21201<br>410-209-4800<br>sarah.marquardt@usdoj.gov<br>*Attorney for Defendants* |

/s/
_____
Kaitlin Banner (*pro hac vice*)
WASHINGTON LAWYERS'
COMMITTEE FOR CIVIL RIGHTS
AND URBAN AFFAIRS
700 14th Street NW, Suite 400
Washington, D.C. 20036
(202) 319-1000
(202) 319-1010 (fax)
kaitlin_banner@washlaw.org
*Attorneys for Plaintiffs*